# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES GAUSE,

    Plaintiff,

v.

TOTAL RENAL CARE OF NORTH CAROLINA, *et al.*,

    Defendants.

Case No. 2:07-CV-01691-KJD-PAL

**ORDER**

    Presently before the Court is Plaintiff's Motion to Remand (#7). Defendant filed a response in opposition (#16/17) to which Plaintiff replied (#21). Also before the Court is Defendant's Motion to Dismiss (#4). Plaintiff filed a response in opposition (#6) to which Defendant replied (#13). Finally before the Court is Defendant's Motion to Transfer (#24). Plaintiff filed a response in opposition (#25) to which Defendant replied (#26).

I.  Background

    This case is one of at least thirty-two lawsuits filed by separate plaintiffs in Nevada state court based on allegations of Defendant's negligent operation of hemodialysis treatment facilities. Defendant removed at least fifteen of these lawsuits to the United States District Court for the District of Nevada on the basis of diversity of citizenship. Of these thirty-two lawsuits, only two

plaintiffs actually received treatment in Nevada. The instant complaint alleges that Plaintiff is a Florida citizen and received his dialysis treatments in Chadbourn, North Carolina. Defendant is a Delaware corporation with a principal place of business in California. For purposes of diversity jurisdiction in accordance with 28 U.S.C. § 1332(c)(1), Defendant is considered a resident of California. Due to its regular and systematic contacts with North Carolina, Defendant is subject to general personal jurisdiction in North Carolina.

II.  Motion to Remand

Plaintiff seeks an order remanding this case to the Eighth Judicial District Court for the State of Nevada. 28 U.S.C. § 1441 permits a defendant to remove a state court action if the federal district court has original jurisdiction. A defendant invoking the removal statute bears the burden of establishing jurisdiction, and the statute is strictly construed against removal. See Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 381, 383 (9th Cir. 2004). Consequently, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). But while a federal court "will not take jurisdiction if it should not...it is equally true, that it must take jurisdiction if it should." Cohens v. Va., 19 U.S. (1 Wheat) 264, 404 (1821). Thus, a district court with proper jurisdiction lacks discretion to remand. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 356 (1988).

Defendant removed this case from Nevada state court based on diversity of citizenship. See 28 U.S.C. §1332(a). Plaintiff does not dispute this Court's jurisdiction or the procedural validity of removal; rather, he argues that Defendant waived the right to remove this case because of its state-court actions in other lawsuits.

"A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." Resolution Trust Co. v. Bayside Developers, 43 F.3d 1230,1240 (9th Cir. 1994). "A waiver of the

1  right to removal must be clear and unequivocal." Id. "In general, the right of removal is not lost by
2  action in the state court short of proceedings to an adjudication on the merits." Id.
3      Waiver is an exception to the Court's duty "to adjudicate a controversy properly before it."
4  Allegheny County v. Frank Mushada Co., 360 U.S. 185, 188 (1959). Waiver must be based on
5  Defendant's affirmative conduct in the state court in this case. The record establishes that Plaintiff
6  filed this case in state court on August 28, 2007, and served Defendant with the Complaint on
7  November 20, 2007. Defendant timely removed this case on December 18, 2007. Plaintiff submits
8  no evidence that Defendant took any action other than filing notice of removal. Instead, Plaintiff
9  contends that the conduct of Defendant's parent corporation in other, similar cases in state court
10 constitutes waiver. They argue that the other, similar cases were consolidated in state court and that
11 if this case were remanded, it would also be subject to the consolidation. Consequently, because the
12 cases would be presumably consolidated, Plaintiff claims that the actions in the other cases should be
13 imputed to this one. Plaintiff's argument, however, ignores the reality that this is a separate case
14 involving a distinct plaintiff and facts.
15     The Court finds the would-be state court consolidation irrelevant to its determination of
16 whether Defendant properly removed this case to federal court, and Defendant's conduct in the other
17 cases cannot waive its right to remove in this case. The Court recognizes that consolidating this case
18 in the state court might promote efficiency and a conservation of judicial resources. However, the
19 Court cannot look past the fact that though the consolidated cases involve similar tort claims against
20 related defendants, the evidence and witnesses are located in several different states and proving
21 causation in each will be unique given that each plaintiff was already seriously ill before receiving
22 dialysis treatment. Moreover, efficiency considerations alone cannot justify remand. See
23 Thermatron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976)("That justice may move more
24 slowly in some federal courts than in their state counterparts is not one of the considerations that
25 Congress has permitted the district courts to recognize in passing on remand issues"), *abrogated on*
26 *other grounds by* Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714-15 (1996).

Further, the Court notes that if it were to follow Plaintiff's reasoning and remand this case, the Court would essentially eviscerate Defendant's right to remove to federal court in all future hemodialysis-related cases filed against it regardless of the plaintiff. None of the cases cited by Plaintiff contemplates such an expansive and far-reaching result. Certainly, none of the cases involve the factual scenario presented here. Therefore, the Court denies Plaintiff's Motion to Remand.

III. Motion to Transfer

A. Standard for Motion to Transfer

Under § 1404 (a), a district court has discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495 (9th Cir. 2000)(citing Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When a court evaluates a § 1404(a) motion, the plaintiff's choice of forum is "entitled to 'paramount consideration' and the moving party must show that a balancing of interests weighs heavily in favor of transfer." Galli v. Travelhost, Inc., 603 F. Supp. 1260, 1262 (D. Nev. 1985). Accordingly, "§ 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964). The burden is therefore on the defendant to make the strong showing that a change of venue is warranted. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Galli, 603 F. Supp. at 1262. Finally, a decision to transfer is committed to the sound discretion of the trial court. See Jones, 211 F.3d at 498.

In assessing whether to grant a motion to transfer, the Court is presented with two questions: whether the action "might have been brought" in the proposed transferee district; and whether the transferee forum is more convenient. See 28 U.S.C. § 1404(a). Here, neither party disputes that this case could have been brought in the Eastern District of North Carolina. Determining whether to

transfer a civil action from one forum to another "for the convenience of the parties and witnesses" and in the interest of justice" requires the Court to weigh the following factors: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones, 211 F.3d at 498.

### B. Convenience of the Parties and the Interests of Justice

Here, the convenience of the parties and witnesses and the interests of justice favor transferring this case to the Eastern District of North Carolina. James Gause received treatments in Chadbourn, North Carolina at Defendant's hemodialysis facility. The evidence and witnesses of his treatments, including the doctors and nurses who treated him, are all located in North Carolina. Furthermore, the majority of witnesses and evidence is located in North Carolina. Gause received treatment from at least five (5) physicians practicing in North Carolina. While Plaintiff asserts that "corporate negligence" led to his injuries making Defendant's headquarters in El Segundo, California the site containing most material evidence, the only connection between the corporate negligence and Gause's treatment lies at the facility in North Carolina. Plaintiff has failed to identify any witnesses or evidence located in Nevada. As such, compulsory process would be unavailable to secure their attendance in Nevada. Moreover, the costs of litigation would be substantially greater because the attorneys and witnesses would be forced to travel for discovery and trial. North Carolina has the most significant relationship to this case, and consequently, North Carolina tort law applies. See Gen. Motors Corp. v. Eighth Judicial Dist. Court, 134 P.3d 111, 116 (Nev. 2006). Thus, a federal court in North Carolina would be more familiar with the law of this case. In addition, while Plaintiff chose to file this suit in Nevada, the "operative facts" of the case did not occur in Nevada, and so Plaintiff's preference "is entitled to only minimal consideration." Lou v. Belzberg, 834 F.2d 730,

5

739 (9th Cir. 1987). Finally, the Court is unaware of any Nevada public policy that favors retaining a Nevada venue when the only connection with the state is Plaintiff's counsel.

Therefore, the Court finds that this action could have been brought originally in the Eastern District of North Carolina, and that the convenience of the parties and witnesses and the interests of justice favor transferring this case. Accordingly, the Court grants Defendant's Motion to Transfer. Furthermore, having granted the motion to transfer, the Court denies Defendant's Motion to Dismiss as moot.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#7) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (#4) is **DENIED as moot**;

IT IS FURTHER ORDERED that Defendant's Motion to Transfer (#24) is **GRANTED**;

IT IS FURTHER ORDERED that this action is **TRANSFERRED** to the Eastern District of North Carolina.

DATED this 14th day of May 2008.

_____
Kent J. Dawson
United States District Judge